Voss, Respondent, vs. LENERZ and others (Town Board of Town of Madison), Appellants.

*November 30—December 30, 1949.*

The cause was submitted for the appellants on the brief of *Risser & Shiels* of Madison, and for the respondent on the brief of *Richard R. Rynders, Charles F. Gilkeson,* and *Robert C. Voss,* all of Madison.

ROSENBERRY, C. J. It is conceded that the town of Madison has taken proper proceedings by virtue of which it is authorized to exercise the powers of villages pursuant to sec. 60.18 (12), Stats. The town board of the town of Madison, hereinafter referred to as the board, passed an ordinance July 24, 1946, the material provisions of which are as follows:

"(4) (a) The local health officer or his deputy shall have the power to order the abatement of unsanitary conditions connected with buildings for human habitation, occupancy or use, specifying the necessary remedial measures for its correction in an official notice to the owner.

"(b) If the recommended improvements in the order are protested by the owner, they shall constitute the basis for the means of correction, subject to judicial review if contested within fifteen (15) days after the notice has been served.

"(c) Thereafter, because of noncompliance with the order so defined, or modified by court order within the specified time limit, the structure shall be ordered vacated, closed, razed, or removed as a health menace to the community."

Sec. (6) (d) of the ordinance passed by the board July 24, 1946, provides:

"(6) Without in any way limiting or restricting practices that constitute public nuisances at law, the following practices permitted or existing on public or private property, regardless of ownership or tenancy, are hereby declared to be a public nuisance in the town of Madison, Dane county, Wisconsin, and are prohibited as being a menace to public health and comfort. . . .

"(d) Maintaining an inadequate sewage disposal system that requires pumping or siphoning of the dry well upon the surface of the ground more than once, and/or neglect to connect the domestic waste system with the public sanitary sewer when available."

It is the contention of the plaintiff that the board did not have the authority to enact that part of the ordinance which required him to connect with the public sanitary sewer system and the order was therefore void. A village may enact ordinances under ch. 61, Stats., for the promotion of health and sanitation (sec. 61.34 (1) ), but such ordinances must be consistent and not in conflict with the law of the state. Nowhere in ch. 61 is there any power or authority granted to village boards which authorizes them to compel property owners to connect with sanitary sewers. However, under ch. 144, Stats. 1947, we do find a delegation of such power to cities and incorporated villages which may be exercised under certain prescribed conditions.

Sec. 144.06, Stats., provides as follows:

"*House connections.* Any city or incorporated village having systems of waterworks and sewerage may by ordinance require buildings used for human habitation and located adjacent to a sewer and water main, or in a block through which the systems extend, to be connected there-

with in manner prescribed by the board of health or by the board of public works where such board exists. If any person fails to comply for more than ten days after notice in writing the municipality may cause connection to be made, and the expense thereof shall be assessed as a special tax against the property. . . . "

On November 9, 1946, the deputy health officer of the town of Madison ordered the plaintiff by letter to install proper plumbing in his cottage and connect the same with the sanitary sewer system. Such notice also provided that plaintiff must remove the privy and offensive matter, and bury or disinfect all offensive matter. The notice further provided that the plaintiff must make such connection within fifteen days or vacate the premises, otherwise he would be subject to penalty.

It appears that the metropolitan sewer main is located in the street abutting the plaintiff's property and is available for private sewer connection therefrom; that there is no public water system in the plat of Mendota Beach subdivision nor within three quarters of a mile of plaintiff's property.

The town board concluded that the ordinance was valid and the deputy health officer was authorized to issue the notice and order in question.

The trial court held that the language of sec. 144.06, Stats., is clear and unambiguous; that before the municipality can exercise the power conferred by the clause relating to house connections the municipality must furnish available water and sewerage systems, such systems must be adjacent to the property to be connected or the property must be in a block through which the systems extend; that in the instant case the sewerage system was adjacent to the building but no available water main was supplied by the town.

The trial court also pointed out that under the statute a municipality is permitted to make the connection if the owner

does not do so within the required time. The municipality then may charge such expense against the property so affected by special tax. In the instant case the order requires the property to become vacant if the connection is not made, otherwise the owner or occupant thereof may be subjected to severe fines and penalties. The court held that provision (6) (d) of the ordinance was inconsistent with the statute and void so far as it requires connection with the sanitary sewer is concerned, there being no waterworks system available as required by sec. 144.06, Stats. In this conclusion we fully concur. Other propositions are presented and argued in the brief of the board, but the town having no authority to adopt sec. (6) (d) of the ordinance, so far as it relates to connections with a sanitary sewer system, whatever the health officer did under and pursuant to said sec. (6) (d) of the ordinance referred to was without authority of law.

We do not consider other questions sought to be raised, relating to abatement and the power of the board relating to health and sanitation, etc., for the reason that they are not presented by the record in this case.

*By the Court.*—Judgment affirmed.